## Tarlo v. Schwerdfeger, Appellant.

*Affidavit of defense—Practice, C. P.—Promissory note.*

In an action on a promissory note given for the erection and construction of barroom fixtures, an affidavit of defense is insufficient which alleges certain defects, but does not charge that the defects were the result of faulty original construction, or that the plaintiff was in any way responsible for them. Such an affidavit, however, is sufficient which alleges distinct failure to supply parts of the fixtures which were necessary and important, and to which a particular value had by agreement been attached.

Argued Oct. 9, 1901. Appeal, No. 275, Oct. T., 1901, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1900, No. 243, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Robert Tarlo v. Harry C. Schwerdfeger. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit on a promissory note.
Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense averred :

That the note in suit is but one of a series of four notes, which amounted in the aggregate to $1,148.04, and were executed and delivered to the plaintiff for the erection and construction of certain barroom fixtures and ice box at the retail saloon of the defendant at Broad and Cumberland streets, in the city of Philadelphia.

That said fixtures and ice box were to be done in a first class and workmanlike manner, and to be complete and satisfactory in every particular. That at the time of the giving of the said notes it was agreed by the plaintiff, and upon the faith of that agreement the notes were executed, that any defects in said work were to be remedied by the plaintiff; that in violation of that agreement, the plaintiff has failed to stop leaks in the ice box, and it will cost the sum of $10.00 to repair the same ; that a wine rack was to be put in as a part of the fixtures ; that said wine rack was not put in, and, as a part of the agreement, the defendant is entitled to a credit of $25.00, that being the amount agreed upon as the deduction to be allowed for the not placing of said wine rack as a part of the fixtures in the premises of the defendant ; the foot railing in front of the bar was not laid according to contract, and was to have been extended from the bar a distance beyond that in which it was placed, and it will cost $25.00 to place it in the position in which it should have been placed in accordance with the contract. It was also a part of the contract of the plaintiff that there should be an extra countertop, which was not delivered, and the value of this extra counter top is $20.00, which sum it will cost to purchase one such as the plaintiff agreed should be put in as part of the fixtures. That the defendant is also entitled to a credit and set-off of $40.00, being a charge made for summer doors, and for which the defendant was to receive a credit for that amount. The defendant is also entitled to a set-off of $10.00, being a charge made for a small desk, and for which the defendant was to receive a credit from the plaintiff. These set-offs in the aggregate amount to the sum of $130.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*M. J. O' Callaghan*, for appellant.

*H. C. Boyer*, of *Rich & Boyer*, for appellee.

OPINION BY BEAVER, J., November 11, 1901:

Plaintiff seeks to recover upon a promissory note fully set out in his statement. Defendant replies that the note in suit is one of a series which were executed and delivered to the plaintiff for the erection and construction of certain barroom fixtures and ice box, etc.; that at the time of the giving of the said notes it was agreed by the plaintiff—and upon the faith of that agreement the notes were executed—that any defects in said work were to be remedied by the plaintiff and that, in violation of the agreement, the plaintiff had failed (1) to stop leaks in the ice box, which it will cost the sum of $10.00 to repair; (2) that a wine rack was to be put in as a part of the fixtures; that said wine rack was not put in and, as a part of the agreement, the defendant is entitled to a credit of $25.00, that being the amount agreed upon as the deduction to be allowed for not placing of said wine rack as a part of the fixtures in the premises of the defendant; (3) that the foot railing in front of the bar was not laid according to contract and was to have been extended from the bar a distance beyond that in which it was placed, and it will cost $25.00 to place it in the position in which it should have been placed, in accordance with the contract; (4) it was also a part of the contract of the plaintiff that there should be an extra countertop which was not delivered, and the value of this extra countertop is $20.00, which sum it will cost to purchase one such as the plaintiff agreed should be put in as part of the fixtures; (5) that the defendant is also entitled to a credit and set off of $40.00, being a charge made for summer doors, and for which the defendant was to receive a credit for that amount; (6) the defendant is also entitled to a set-off of $10.00, being a charge made for a small desk, and for which the defendant was to receive a credit from the plaintiff.

As to the first allegation, defendant does not set out that the leaks in the ice box were the result of faulty original construction or that the plaintiff was in any way responsible therefor.

As to No. 3, there is no allegation that the fixtures are in any respect deficient or less valuable, because the foot railing was not placed as originally designed.   In the absence of a specific averment to this effect, it is difficult to see how the defendant was injured.

As to Nos. 5 and 6, there is no averment that the plaintiff failed to deliver either the summer doors or the desk.   This may possibly be inferred, but if it be a fact it should have been distinctly stated.

If these allegations stood alone, the affidavit would be clearly insufficient.   Nos. 2 and 4, however, allege distinct failures to supply parts of the fixtures which were necessary and important and to which a particular value was by agreement attached. The failure to deliver these, which is distinctly alleged, would, therefore, constitute good ground of defense and as to the value of the parts of said fixtures would be sufficient to prevent the entry of judgment for their aggregate amount, to wit: $25.00 for the wine rack, and $20.00 for the extra countertop.

If there were a distinct allegation as to the summer doors and the small desk—that they had not been delivered as agreed—the affidavit would also be good as to them.

The liability of the defendant for the costs of protest, etc., was raised in the argument here but was not denied in the affidavit of defense.   Not having been called to the attention of the court below, the contention here in regard thereto is disregarded.

Judgment reversed and judgment is now directed to be entered for the full amount of the plaintiff's claim less the sum of $45, as to which the affidavit is sufficient and as to which the plaintiff has leave to proceed.